**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**KARA JORUD,**

        **Plaintiff,**

**vs.**                              **Case No.:  9:09-cv-80885-KAM**

**MICHAELS STORES, INC.**
**d/b/a MICHAELS ARTS AND CRAFTS**
**and SKIP SAND, individually,**

        **Defendant.**
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO AMENDED COMPLAINT**

    Defendants, MICHAELS STORE, INC. d/b/a MICHAELS ARTS AND

CRAFTS ("Michaels") and SKIP SAND ("Sand") (or collectively "Defendants"), by

and through their undersigned counsel, timely answers Plaintiff's Amended Complaint

as follows:

    1.      Defendants admit this action seeks equitable relief and damages in

excess of fifteen thousand ($15,000) dollars but deny that Plaintiff is entitled to any

relief whatsoever.  Defendants deny the remaining allegations in ¶ 1 of the Amended

Complaint.

    2.      Admitted.

    3.      Admitted.

    4.      Admitted.

    5.      Denied.

1

6.      Michaels admits Ms. Jorud ("Plaintiff") worked for Michaels as a store manager in Shuesberry [sic], Massachusetts and Boca Raton, Florida, and that it paid for Plaintiff's move from Massachusetts to Florida so she could manage the Boca Raton store.  Michaels denies the remaining allegations in ¶ 6 of the Amended Complaint. Sand lacks sufficient knowledge or information to either admit or deny the allegations and therefore denies all allegations in ¶ 6 of the Amended Complaint.

7.      Michaels admits Plaintiff began working as the Boca store manger in September of 2005 and that her district manager was Felix Sanchez.  Michaels denies that Plaintiff was a competent manager and further contests her characterization of reviews she received by Mr. Sanchez.  Michaels denies all remaining allegations in ¶ 7 of the Amended Complaint.  Sand admits Plaintiff's district manager was Felix Sanchez before he became her district manager, but lacks sufficient knowledge or information to either admit or deny the allegations, and therefore denies the remaining allegations in ¶ 7 of the Amended Complaint.

8.      Defendants lack sufficient knowledge or information to either admit or deny these allegations and therefore deny all allegations in ¶ 8 of the Amended Complaint.

9.      Defendants admit that Sand served as Plaintiff's district manager, that Plaintiff stated she was undergoing medical tests, and that in August of 2008 Plaintiff advised Sand she was diagnosed with cancer, but deny all remaining allegations in ¶ 9 of the Amended Complaint.

10.     Denied.  Defendants specifically deny that Plaintiff advised Sand that she had been having "some serious health issues" in late 2007 and into early 2008.

11.     Defendants admit that in April 2008, Plaintiff took a pre-approved one-week vacation and was paid for 36 hours of vacation time and 8 hours of personal time, but deny all remaining allegations in ¶ 11 of the Amended Complaint.

12.     Defendants admit that when the mid to south Florida area was divided into three districts instead of two, Sand was able to visit all stores in his district more often but deny all remaining allegations in ¶ 12 of the Amended Complaint.

13.     Defendants admit that Sands would review a "walk list" or store notes with Plaintiff and leave those notes at her store, but deny all remaining allegations in ¶ 13 of the Amended Complaint.

14.     Denied.

15.     Defendants admit that in August of 2008 Plaintiff called Sand and told him she was diagnosed with cancer but lacks sufficient knowledge or information to either admit or deny any diagnosis of lupus, whether the diagnosis was incorrect, what stage Plaintiff's cancer was in, and whether Plaintiff called on the day she was informed of the diagnosis of cancer, and therefore deny those allegations.  All remaining allegations in ¶ 15 of the Amended Complaint are denied.

16.     Defendants admit that on or about April or May 2008 Michaels received a report that Plaintiff was absent, not working her schedule and not available to her staff which prompted Sand to investigate the report.  Defendants lack sufficient knowledge or information to either admit or deny whether employees came to Plaintiff or asked "strange questions," and therefore deny those allegations.  Defendants deny all remaining allegations in ¶ 16 of the Amended Complaint.

17.     Defendants lack sufficient knowledge or information to either admit or

3

deny what procedures were performed on Plaintiff, when procedures were performed, what determinations were made regarding any procedures and the time frame in which Plaintiff notified Sand of any procedure in relation to when she learned of any procedure, and therefore deny those allegations in ¶ 17 of the Amended Complaint. Defendants deny all remaining allegations in ¶ 17 of the Amended Complaint.

18.     Sand admits Plaintiff stated she needed two weeks for recovery and that on a date uncertain Plaintiff made a statement about tubes.  Defendants lack sufficient knowledge or information to either admit or deny what procedures were performed on Plaintiff, when any procedures were performed, and how long she was hospitalized, and therefore deny those allegations in ¶ 18 of the Amended Complaint.  Defendants deny all remaining allegations in ¶ 18 of the Amended Complaint.

19.     Defendants admit that during her employment with Michaels, they frequently told Plaintiff her store was in poor condition, but deny these statements were made while Plaintiff was out on leave.  Defendants lack sufficient knowledge or information to either admit or deny when tubes were taken out of Plaintiff, and therefore deny that allegation in ¶ 19 of the Amended Complaint.  Defendants deny all remaining allegations in ¶ 19 of the Amended Complaint.

20.     Sand admits he was in Store #9824 when Plaintiff returned from leave and, as usual, he reviewed the walk list with the store manager.  Defendants deny all remaining allegations in ¶ 20 of the Amended Complaint.

21.     Denied as stated.

22.     Denied.

23.     Defendants lack sufficient knowledge or information to either admit or

4

deny Plaintiff's rationale for scheduling her chemotherapy treatments, her reaction to chemotherapy treatments, whether she was sick all weekend, why she returned to work, and her alleged fears, and therefore deny those allegations in ¶ 23 of the Amended Complaint. All remaining allegations in ¶ 23 of the Amended Complaint are denied.

24.     Defendants lack sufficient knowledge or information to either admit or deny whether Plaintiff was ill on Sunday, September 28th and her actions thereafter, and therefore deny those allegations in ¶ 24 of the Amended Complaint. All remaining allegations in ¶ 24 of the Amended Complaint are denied.

25.     Denied.

26.     Defendants admit Plaintiff sent an email to Nick Crombie describing what she perceived as the treatment she received and requesting for a conversation but deny the remaining allegations in ¶ 26 of the Amended Complaint.

27.     Michaels admits that Mr. Crombie met with Plaintiff, told her Michaels did care about her, her condition, and offered a solution of a co-manager so Plaintiff could take the time off she needed to recovery and get well, but is without knowledge of Plaintiff's state of mind and therefore denies that allegation in ¶ 27 of the Amended Complaint. Michaels denies that Mr. Crombie travelled to Florida for the sole reason of meeting with Plaintiff and denies all remaining allegations in ¶ 27 of the Amended Complaint. Sand admits Mr. Crombie met with Plaintiff, but lacks sufficient knowledge or information to either admit or deny and therefore denies the remaining allegations in ¶ 27 of the Amended Complaint.

28.     Denied.

29.     Denied.

30.    Defendants lack sufficient knowledge or information to either admit or deny these allegations, and therefore deny all allegations in ¶ 30 of the Amended Complaint.

31.    Denied.

32.    Defendants lack sufficient knowledge or information to either admit or deny whether Plaintiff was very ill or what she was not thinking and therefore deny the allegations in ¶ 32 of the Amended Complaint.

33.    Defendants deny Plaintiff worked that entire week to restore the store to its usual good condition when she was there but lack sufficient knowledge or information to either admit or deny whether Plaintiff had a complication in the form of a staff infection or if she received chemotherapy that Friday, and therefore deny those allegations in ¶ 33 of the Amended Complaint.  All remaining allegations in ¶ 33 of the Amended Complaint are denied.

34.    Defendants admit Store #9824 was due for a delivery in mid October, 2008, that Plaintiff had nonemployees in the form of her fiancé and his (believed to be) stepson working off the clock at Michaels without pay or wages, and that the store received the delivery, but lack sufficient knowledge or information to either admit or deny Plaintiff's rationale for having nonemployees work at Michaels without pay or wages, and therefore deny those allegations in ¶ 34 of the Amended Complaint.  All remaining allegations in ¶ 34 of the Amended Complaint are denied.

35.    Defendants admit that on Thursday, October 16, 2008, Sand and another employee came to Plaintiff's store and office, called Mr. Gengrich from Human Resources and put him on speakerphone, and informed Plaintiff she violated multiple

Company policies including that she had nonemployees working in the store unpaid, but deny remaining allegations in ¶ 35 of the Amended Complaint as stated.

36.     Denied.

37.     Defendants admit that later in the day on October 16, 2008, Mr. Gengrich informed Plaintiff that she was terminated, in part, for violating Michaels' policy of having unauthorized people working in the store, but deny the remaining allegations in ¶ 37 of the Amended Complaint.

38.     Defendants admit Plaintiff was escorted out of the store and made a sarcastic comment on her way out of Michaels Store #9824, but deny the remaining allegations in ¶ 38 of the Amended Complaint.

39.     Denied.

40.     Defendants lack sufficient knowledge or information to either admit or deny these allegations and therefore deny all allegations in ¶ 40 of the Amended Complaint.

41.     Denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

42.     Defendants admit an Exhibit "A" was attached to the Amended Complaint, but lack sufficient knowledge or information to either admit or deny the remaining allegations and therefore deny all remaining allegations in ¶ 42 of the Amended Complaint.

43.     Defendants admit an Exhibit "B" was attached to the Amended Complaint, but lack sufficient knowledge or information to either admit or deny the remaining allegations and therefore deny all remaining allegations in ¶ 43 of the

Amended Complaint.

44.    Denied.

## COUNT I – INTERFERENCE WITH, RESTRAINT, AND DENIAL OF FAMILY MEDICAL LEAVE ACT RIGHTS AND VIOLATION OF 29 U.S.C. § 2615

45.    Defendants reincorporate and re-allege all of their responses and defenses set forth within ¶¶ 1-41 above.

46.    Defendants admit Michaels engaged in commerce or other industry or activity affecting commerce and employed fifty (50) or more employees for each working day during the time period specified, but deny that this statement makes it an employer under the Family and Medical Leave Act ("FMLA") as inferred.

47.    Admitted.

48.    Admitted.

49.    Defendants admit Plaintiff is reciting an alleged statement of law and that the law speaks for itself.  Defendants deny all remaining paragraphs in ¶ 49 of the Amended Complaint.

50.    Defendants admit Sand was in Plaintiff's chain of command but deny all remaining paragraphs in ¶ 50 of the Amended Complaint.

51.    Denied.

52.    Denied.

WHEREFORE, Defendants deny that Plaintiff is entitled to a judgment against Defendants, jointly or severally, for damages equal to the amount of wages, employment benefits or other compensation allegedly denied or lost to Plaintiff as a result of any alleged violations, including but not limited to, an award of front pay,

interest on wages, employee benefits or other compensation denied or lost at the statutory interest rate, liquidated damages equal to the sum of the amount of actual damages or interest pursuant to 29 U.S.C. § 2617 (3) or any other relief.

## COUNT II – RETALIATION AND UNLAWFUL DISCRIMINATION AGAINST MS. JORUD FOR EXERCISING HER FAMILY MEDICAL LEAVE ACT RIGHTS IN VIOLATION OF 29 U.S.C. § 2615

53.     Defendants reincorporate and re-allege all of their responses and defenses set forth within ¶¶ 1-41 above.

54.     Defendants admit Michaels engaged in commerce or other industry or activity affecting commerce and employed fifty (50) or more employees for each working day during the time period specified, but deny that this statement makes it an employer under the Family and Medical Leave Act ("FMLA") as inferred.

55.     Admitted.

56.     Defendants admit Plaintiff notified Michaels of her diagnosis of cancer and subsequent chemotherapy treatments and was allowed to take leave pursuant to the FMLA on two occasions.  Defendants admit Plaintiff is reciting an alleged statement of law and that the law speaks for itself.  Defendants deny all remaining paragraphs in ¶ 56 of the Amended Complaint.

57.     Denied.

58.     Denied.

59.     Defendants admit they were informed by Plaintiff of her diagnosis of cancer and subsequent chemotherapy treatments and the need for leave.  Defendants deny all remaining paragraphs in ¶ 59 of the Amended Complaint.

60.     Defendants admit Sand was in Plaintiff's chain of command but deny all remaining paragraphs in ¶ 60 of the Amended Complaint.

61.     Denied.

62.     Denied.

WHEREFORE, Defendants deny that Plaintiff is entitled to a judgment against Defendants, jointly or severally, for damages including but not limited to the amount of wages, employment benefits or other compensation denied or lost to Plaintiff as a result of any alleged violations, including but not limited to, an award of front pay, interest on wages, employee benefits or other compensation denied or lost at the statutory interest rate, liquidated damages equal to the sum of the amount of actual damages or interest pursuant to 29 U.S.C. § 2617 (3) or any other relief.

### <u>COUNT III – UNLAWFUL DISCRIMINATION IN VIOLATION OF<br>THE AMERICANS WITH DISABILITIES ACT § 42 U.S.C. 12101 et. seq.</u> [1]

63.     Michaels reincorporates and re-alleges all of its responses and defenses set forth within ¶¶ 1-44 above.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

---

[1] Although there is no designation in the Complaint which Defendant Plaintiff is suing in Count III, unless informed otherwise by Plaintiff, Defendants will assume this count is solely against Michaels and not against Sand pursuant to 42 U.S.C. § 12112(a) ("No covered entity shall discriminate … ") and 42 U.S.C. § 12111(2) ("The term 'covered entity' means … ") which collectively hold that an individual employee of an employer cannot be sued for employment violations under the ADA.

WHEREFORE, Michaels denies that Plaintiff is entitled to a judgment against it for damages including but not limited to the amount of wages, employment benefits or other compensation denied or lost to Plaintiff as a result of any alleged violations, including but not limited to, an award of back pay, interest on wages, employee benefits or other compensation denied or lost at the statutory interest rate, attorneys' fees or costs under the ADA, or any other relief.

## COUNT IV – HOSTILE WORK ENVIRONMENT UNDER THE AMERICANS WITH DISABILITIES ACT § 42 U.S.C. 12101 et. seq. [2]

68.     Michaels reincorporates and re-alleges all of its responses and defenses set forth within ¶¶ 1-44 above.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

WHEREFORE, Michaels denies that Plaintiff is entitled to a judgment against it for damages including but not limited to the amount of wages, employment benefits or other compensation denied or lost to Plaintiff as a result of any alleged violations, including but not limited to, an award of back pay, interest on wages, employee benefits or other compensation denied or lost at the statutory interest rate, attorneys' fees or costs under the ADA, or any other relief.

---

[2] Although there is no designation in the Complaint which Defendant Plaintiff is suing in Count IV, unless informed otherwise by Plaintiff, Defendants will assume this count is solely against Michaels and not against Sand pursuant to 42 U.S.C. § 12112(a) ("No covered entity shall discriminate … ") and 42 U.S.C. § 12111(2) ("The term 'covered entity' means … ") which collectively hold that an individual employee of an employer cannot be sued for employment violations under the ADA.

11

## JURY DEMAND

Defendants admit that Plaintiff has demanded a trial by jury but denies that Plaintiff has any basis in law or fact to support her claim for a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Amended Complaint should be dismissed in whole or in part to the extent that she has failed to exhaust any statutory and/or intra-company procedures and/or policies required to take, or return from, leave under the FMLA.

### SECOND DEFENSE

Plaintiff is estopped or has waived any challenge to her claim for FMLA as she never returned any medical information or certification required for Michaels to designate her leave as FMLA leave.

### THIRD DEFENSE

To the extent that Plaintiff's claims were not timely filed under federal or state law, those claims should be dismissed.

### FOURTH DEFENSE

All employment decisions regarding or affecting Plaintiff were predicted upon grounds other than, and would have been taken absent, Plaintiff exercising her rights under the FMLA or ADA.

### FIFTH DEFENSE

All actions taken by Defendants regarding or affecting Plaintiff were based upon valid, legitimate, non-discriminatory, non-retaliatory, and reasonable business

reasons that were in no way related to Plaintiff's rights under the FMLA or ADA and are not the result of any intention or purpose, past or present, to discriminate or retaliate on any basis.

## SIXTH DEFENSE

The Amended Complaint should be dismissed in whole or in part as some acts of alleged discrimination or retaliation occurred more than 300 days before the filing of a valid charge of discrimination and as such are barred as a matter of law.

## SEVENTH DEFENSE

The Amended Complaint should be dismissed in whole or in part as Plaintiff failed to exhaust her administrative remedies by impeding the process with her instruction to the EEOC to discontinue the conciliatory and investigative process within three (3) weeks of her charge of discrimination and therefore Michaels did not have the benefit or opportunity to take advantage of those processes.

## EIGHTH DEFENSE

At all times relevant to this suit, Defendants' actions were in good faith with regard to Plaintiff and it/he had reasonable grounds for believing those actions were not in violation of any law.

## NINETH DEFENSE

Plaintiff's hostile work environment claim is barred as a matter of law because at all times Michaels maintained an appropriate non-discrimination, non-harassment and non-retaliation policy with adequate reporting procedures, and Defendant exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff

13

untimely and unreasonably failed to take advantage of any preventive or corrective

opportunities provided by Defendant or to avoid harm otherwise.

### TENTH DEFENSE

The Amended Complaint should be dismissed in whole or in part pursuant to

the doctrines of estoppel, waiver, unclean hands and/or laches including, but not

limited to, that Plaintiff's own actions were in contravention of Michaels' policies

and/or procedures and her own actions led to her discharge.

### ELEVENTH DEFENSE

If any improper, illegal, or discriminatory act was taken by any of Michaels'

employees against Plaintiff, it was outside the course and scope of that employee's

employment, contrary to Michaels' policies, and was not ratified, confirmed, or

approved by Michaels.  Thus, any such actions cannot be attributed or imputed to

Michaels.

### TWELTH DEFENSE

Plaintiff is barred from recovering liquidated damages as any acts or omissions

by Defendants that allegedly violate any provision of the FMLA were made in good

faith and Defendants had reasonable grounds for believing that any acts or omissions

by Defendants were not in violation of the FMLA.

### THIRTEENTH DEFENSE

Plaintiff is barred from recovering any damages which were caused by her own

conduct, or other factors not attributable to Defendants.

## FOURTEENTH DEFENSE

Plaintiff is barred from recovering any damages for which she failed to make reasonable efforts to mitigate.

## FIFTEENTH DEFENSE

Plaintiff is barred from recovering any damages as she has pled and filed this action in bad faith.

## SIXTEENTH DEFENSE

Plaintiff is barred from recovering any damages in whole or in part pursuant to the doctrine of after-acquired evidence, where applicable.

## SEVENTEENTH DEFENSE

The damages demanded by Plaintiff in her Amended Complaint must be set off against, or reduced by any wages, compensation or other benefit received by Plaintiff or which was earnable or receivable with the exercise of due diligence by Plaintiff.

**DATED** this 12th day of August 2009.

Respectfully submitted,

*/s/ Helen A. Palladeno*
Helen A. Palladeno
Florida Bar No.:  0186831
Monica J. Williams
Florida Bar No.:  0566780
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, Florida  33602

15

Telephone:  813.289.1247
Facsimile:  813.289.6530
helen.palladeno@ogletreedeakins.com
monica.williams@ogletreedeakins.com
TRIAL ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of August 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel, Gerard Joseph Curley, Jr., Esq. and Brian McPherson, Esq. at jcurley@gunster.com and bmcpherson@gunster.com.

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

*/s/ Helen A. Palladeno*
Helen A. Palladeno