UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-80885-CIV-MARRA/JOHNSON

KARA JORUD

       Plaintiff,

v.

MICHAELS STORE, INC.
d/b/a MICHAEL'S ARTS AND
CRAFTS and SKIP SAND, individually,

       Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR ATTORNEYS' FEES WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff, Kara Jorud, ("Mrs. Jorud"), pursuant to Federal Rule of Civil Procedure 37 and Southern District Local Rule 26.1, through undersigned counsel, files this motion to compel Defendant, Michaels Store, Inc., d/b/a Michael's Arts and Crafts ("Defendant"), to provide sworn and complete interrogatory answers, to amend discovery responses that contain waived objections, produce unredacted documents, and to recover her attorneys' fees incurred in forcing Defendant to comply with its discovery obligations.

## I.    INTRODUCTION

Defendant's repeated failure to comply with the applicable discovery rules and engage in the discovery process in good faith is prejudicing Mrs. Jorud's ability to prepare for trial.  The following highlight Defendant's discovery abuses obstructing Mrs. Jorud's ability to prepare for trial:

- Defendant's repeated failure to provide sworn interrogatory responses preventing their use at depositions;

- Defendant stating objections to discovery requests despite previously waiving the objections by failing to timely serve a response; and

- Defendant's repeated failure to provide all of the identifying information for its employees and former employees who are responsive to certain discovery requests.[1]

This is the second motion to compel Mrs. Jorud has had to file in order to force Defendant to comply with its discovery obligations. On October 23, 2009, Mrs. Jorud filed a motion to compel Defendant to provide more complete and compliant discovery responses to her First Set of Interrogatories and First and Second Requests for Production.[2] Defendant served more compliant discovery responses with its response to that motion to compel and then, among other things, argued the motion to compel was moot because it had provided the relief sought. Despite Defendant partially remedying the discovery violations addressed in Mrs. Jorud's first motion to compel and Mrs. Jorud having to file a second motion to compel Defendant to produce surveillance records, Defendant continues to ignore its discovery obligations under the Federal and Local Rules. Defendant's discovery abuses and disregard for the Rules are unfairly prejudicing Mrs. Jorud's ability to take key depositions and prepare for trial.

**II.    CASE OVERVIEW**

Mrs. Jorud was fired from her position of store manager of Defendant's store in Boca Raton, Florida in October 2008. Mrs. Jorud was a long-time employee of Defendant who unfortunately was diagnosed with lupus and cancer in 2008. She underwent surgeries, including a double mastectomy, and chemotherapy to combat the cancer. In 2008, defendant, Skip Sand,

---

[1] In an effort to resolve the issues in this motion prior filing it, Mrs. Jorud's counsel contacted Defendant's counsel to address the issues raised herein. Defendant's counsel agreed to remedy Defendant's discovery deficiencies by January 12, 2010. Defendant failed to abide by its agreement necessitating this motion. A copy of Mrs. Jorud's letter memorializing the parties agreement to resolve these issues is attached as **Exhibit "A."**

[2] The Court has not yet issued an order on Mrs. Jorud's first motion to compel, [D.E. 14].

became Mrs. Jorud's new district manager. Mr. Sand discriminated against and harassed Mrs. Jorud because of her need to take leave and her physical condition caused by cancer and lupus. After Mrs. Jorud complained to the Executive Vice President of Michaels about Sand's harassment of her, Mr. Sand's harassment intensified. Shortly thereafter, Mrs. Jorud was fired. Initially she was told she was being fired for theft but, when she proved the merchandise had been paid for, the reason for her termination changed. Defendant allegedly fired her because she allowed her fiancé and his son to come into her store and help her move freight she physically could not move due to surgery she had recently undergone as part of her treatment for cancer. Defendant also allegedly fired Mrs. Jorud for allowing her fiancé to purchase merchandise for five dollars that had been marked down to $0.01. Other employees of Michaels, who did not have cancer and who did not complain about being harassed, were not fired after they allowed a non-employee to perform work in a store or allowed a customer to purchase merchandise marked $0.01.

Mrs. Jorud is using the discovery process to establish these facts but Defendant is deliberately obstructing Mrs. Jorud from discovering all of the relevant facts.

## III.   ARGUMENT

### A.   Defendant Continues to Commit Some of the Same Discovery Violations that Necessitated Mrs. Jorud's First Motion to Compel.

Defendant has repeatedly served unsworn interrogatory answers in this case. Rule 33(b) of the Federal Rules of Civil Procedure very clearly requires that each interrogatory be answered "separately and fully in writing and **under oath.**" (emphasis added). Mrs. Jorud's first motion to compel requested the Court enter an order requiring Defendant to serve sworn interrogatory answers. In response to that motion and before it was fully briefed, Defendant served sworn amended and supplemental answers to Mrs. Jorud's First Set of Interrogatories. However, after

the motion to compel was fully briefed, Defendant served unsworn supplemental answers to Mrs. Jorud's First Set of Interrogatories on December 14, 2009 and again on December 15, 2009. Copies of Defendants' unsworn supplemental interrogatory responses are attached hereto as **Composite Exhibit "B."**

Just as earlier in this case with other witnesses who were deposed, Defendant's failure to provide sworn interrogatory answers obstructed Mrs. Jorud's ability to examine a key witness. On December 18, 2009, Mrs. Jorud deposed Shaun Gingrich, Defendant's Human Resources vice president who performed the termination of Mrs. Jorud.  Mrs. Jorud was unable to use Defendant's unsworn supplemental interrogatory answers to examine Mr. Gingrich. Defendant's reversion to disregarding Rule 33's "under oath" requirement for interrogatory answers, after Mrs. Jorud's first motion to compel forced Defendant to comply with this same Rule, is a blatant abuse of the discovery process.

### B.   The Court Should Compel Defendant to Comply with the Other Discovery Rules Defendant has Ignored.

The Court should require Defendant to serve amended responses to Mrs. Jorud's Fourth Request for Production because Defendant's responses contain objections that Defendant previously waived by failing to timely serve its responses. Mrs. Jorud served her Fourth Request for Production on November 4, 2009. Defendant failed to respond to this Request in any way within the time period prescribed by Rule 34. Local Rule 26.1(G)(3)(a) states that any objection not stated within the time period provided under Rule 34 is waived. When Defendant eventually served its responses to this Request, it stated objections to six of the ten requests for documents. Copies of Mrs. Jorud's Fourth Request for Production and Defendant's Response to same are attached as **Composite Exhibit "C."**   According to the plain language of Local Rule 26.1(G)(3)(a), Defendant had waived these six objections.

Defendant's inclusion of waived objections is especially troubling in light of the fact that on December 11, 2009, Mrs. Jorud's counsel sent correspondence to Defendant's counsel stating that Defendant had waived its objections by failing to timely respond. A copy of this correspondence is attached as **Exhibit "D."** Accordingly, Defendant knowingly and willfully abused the discovery process by stating waived objections.

Additionally, Defendant redacted identifying information of former employees from documents it produced in response to Mrs. Jorud's Fourth Request for Production. When Mrs. Jorud's counsel contacted Defendant's counsel to resolve this issue. Defendant's counsel agreed to reproduce these documents in unredacted form. However, Defendant has failed to reproduce these documents within the time the parties agreed they would be produced. Defendant's improper redaction of its former employees' identifying information is another obstruction to Mrs. Jorud's ability to locate and depose witnesses in this case.

**C.    The Court Should Compel Defendant to Completely Answer Interrogatory Number 3 of Mrs. Jorud's Second Set of Interrogatories.**

The Court should require Defendant to fully and completely answer interrogatory number three of Mrs. Jorud's Second Set of Interrogatories. Interrogatory number 3 states:

> List the names, last known addresses, last known telephone numbers, most recent job title, and whether currently employed by Michaels, for each Michaels employee who worked in Zone 4 and who between January 2005 and October 18, 2008, who violated Michaels' policy or standard operating procedure that prohibits an employee from bringing or allowing a person not employed by Michaels to perform work in a Michaels' store.

Defendant's Answer states:

> Michaels objects to this interrogatory on the grounds that it is unduly burdensome to answer as Michaels has no means of determining exactly how many employees were disciplined for the relatively obscure reason of bringing or allowing non-employees of Michaels to perform work for Michaels without physically reviewing the personnel files of the hundreds of employees who have worked at Michaels in Zone 4 during the three year and ten month period requested. This Request is also over broad as it seeks

information concerning persons who were employed by Michaels in positions, departments and at locations that are separate and distinct from where Plaintiff worked. As stated in previous discovery responses; Michaels has, in good faith, polled employees and has ascertained that at least one employee has, indeed violated Michaels' policy regarding non-employees work in the store. However, Michaels cannot guarantee that all employees during the almost four year period requested have been identified. Without waiving the objections above, Michaels answers as follows:  Nick Peragine, Mike Vasilakos, Julio Gomez[3]

Defendant's answer to this interrogatory is incomplete.  As a result of Mrs. Jorud attempting to resolve these issues prior to filing this motion, Defendant sent via email addresses and telephone numbers for these three individuals.  Defendant has failed to provide the additional information about these individuals it agreed to provide in order to resolve this issue. Therefore, the Court should compel Defendant to provide all of the information requested for the three individuals identified.  Mrs. Jorud is unaware whether all three of these individuals are former employees of Defendant.  This is yet another tactic Defendant has used to hinder the discovery process and prevent Mrs. Jorud from being able to prepare for trial.

Defendant's refusal to provide identifying information for employees or former employees who are responsive to an interrogatory is not new.  Defendant's failure to provide this information was the subject of Mrs. Jorud's first motion to compel and reply brief.  In responding to Mrs. Jorud's First Set of Interrogatories, Defendant listed the names of employees and former employees responsive to interrogatory number 5 and none of the other requested information.  The Court should order Defendant to cease its ongoing efforts to thwart Mrs. Jorud's ability to locate and contact potential witnesses in this case.

**D.    The Court Should Grant This Motion and Award Mrs. Jorud her Attorneys' Fees and Costs Incurred in Bringing the Motion.**

---

[3] A copy of Defendant's answers to Mrs. Jorud's Second Set of Interrogatories are attached as Composite **Exhibit "E."**

The Court should grant this Motion and award Mrs. Jorud her attorneys' fees and costs incurred in bringing it.   Defendant cannot possibly justify its failure to provide sworn interrogatory answers, its failure to provide specific identifying information sought by an interrogatory, or any of its other discovery misconduct.  Therefore, the Court should grant this Motion requiring Defendant to comply with the applicable rules and ordering Defendant to stop obstructing the discovery process and Mrs. Jorud's trial preparation.

The Federal Rules of Civil Procedure require the Court to award Mrs. Jorud her attorneys' fees upon granting this Motion unless she did not try to obtain the requested relief prior to filing the motion, Defendant's failures were substantially justified, or other circumstances that make an award unjust. *See* Fed. R. Civ. P. 37(a).  The burden of establishing that noncompliance is "substantially justified or a result of harmless error" is on the noncomplying party. *See Weaver v. Lexington Ins. Co.*, 2007 WL 1288759 *1, *2 (M.D. Fla. May 2, 2007).

Mrs. Jorud is certainly entitled to recovering the attorneys' fees she has incurred in having to bring a second motion to compel to force Defendant to remedy some of the same type of discovery violations that were addressed in her first motion to compel.  Defendant cannot establish that its discovery abuses are substantially justified.  Because this is the second motion Mrs. Jorud has had to file in order to force Defendant to comply with the rules, the Court should award Mrs. Jourd her attorneys' fees and costs incurred in bringing this Motion.

## IV.   CONCLUSION

The Court should order Defendant to comply with the applicable discovery rules going forward, require Defendant to serve sworn and complete interrogatory answers and award Mrs.

Jorud her reasonable attorneys' fees and costs for having to bring this her second motion to compel.

**WHEREFORE**, Plaintiff, Kara Jorud, respectfully requests that the Court (1) grant this motion and direct Defendant to serve sworn supplementary interrogatory answers to Plaintiff's First Set of Interrogatories, amend its responses to Plaintiff's Fourth Request for Production withdrawing its waived objections, serve unredacted documents responsive to Plaintiff's Fourth Request for Production, and provide a complete answer to interrogatory number three of Plaintiff's Second Set of Interrogatories, (2) award Plaintiff her attorneys' fees incurred in bringing this motion, and (3) award Plaintiff any other relief the Court deems just and appropriate under the circumstances.


## CERTIFICATE OF GOOD FAITH

Counsel for Mrs. Jorud hereby certifies that they have conferred with counsel for Defendants in a good faith attempt to resolve by agreement the issues raised in this motion, but the parties have been unable to resolve the issues herein.


By: ___/s/ Brian M. McPherson_____
   G. JOSEPH CURLEY, ESQ.
   Florida Bar No. 571873
   gjcurley@gunster.com
   BRIAN M. MCPHERSON, ESQ.
   Florida Bar No. 0735541
   bmcpherson@gunster.com
   GUNSTER, YOAKLEY & STEWART, P.A.
   777 South Flagler Drive
   Philips Point, Suite #500 East
   West Palm Beach, FL 33401-6194
   Telephone: (561) 655-1980
   Facsimile (561) 655-5677
   Attorneys for Plaintiff, Kara Jorud

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2010, I electronically filed the foregoing Motion to Compel with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Brian M. McPherson
Brian M. McPherson

## ELECTRONIC MAIL NOTICE LIST

G. Joseph Curley, Esq.
Brian M. McPherson, Esq.
Gunster, Yoakley & Stewart, P.A.
Phillips Point, East Tower
777 S. Flagler Drive, Suite 500
West Palm Beach, FL 33401

Helen A. Palladeno, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart
100 N. Tampa Street, Suite 3600
Tampa, FL 33602-5842

WPB 1058822.2