# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  09-80885-CIV-MARRA

**KARA JORUD,**
          **Plaintiff,**

**vs.**

**MICHAELS STORES, INC.**
**d/b/a MICHAEL'S ARTS & CRAFTS and**
**SKIP SAND, individually,**
          **Defendants.**
_____/

### <u>VERDICT</u>

**WE THE JURY** unanimously find as follows:

### A.  FMLA Claims

With  regard to the plaintiff's claims  for violation of her rights under the Family Medical

Leave Act ("FMLA") against defendant  Michaels Stores Inc. and defendant Skip Sand:

1.  **FMLA Interference (Defendant Sand):**  Do you find from a preponderance of the

evidence that defendant Skip Sand, acting directly or indirectly in the interest of defendant Michaels

Stores, interfered with plaintiff Kara Jorud's exercise of leave rights under the FMLA?

YES  X          NO_____

1

**2. FMLA Interference (Defendant Michaels)**: Do you find from a preponderance of the evidence that defendant Michael Stores, Inc. interfered with plaintiff Kara Jorud's exercise of protected leave rights under the FMLA?

YES X          NO_____

**3. FMLA Retaliation**:  Do you find from a preponderance of the evidence that the plaintiff Kara Jorud's request for FMLA leave or taking of FMLA leave was a substantial or motivating factor that prompted the defendant Michaels Stores, Inc. to discharge Ms. Jorud from employment?

YES_____          NO X

[NOTE: If you answered "YES" to either question no. 1, 2, or 3, please proceed to answer question nos. 4 and 5 on damages. If you answered "no" to all three of question nos. 1, 2, and 3, please skip question nos. 4 and 5 and proceed to answer question no. 6.]

4. Plaintiff may recover *either* lost wages and benefits , *or* other expenses sustained due to the defendant's actions, but not both.

4(a).  Please state the amount of damages which you find should be awarded to plaintiff for resulting loss of wages and employment benefits to the date of trial:

$ _100, 722 .00_____

4(b).  Please state the amount of damages which you find should be awarded to plaintiff for actual monetary losses sustained as a direct result of Defendants' action:

$ _____

5(a).  Do you find, by a preponderance of the evidence, that the acts of Defendant Michael's Stores, Inc. were done in good faith?

YES_____          NO X

5(b). Do you find, by a preponderance of the evidence, that Defendant Michael's Stores, Inc. had a reasonable basis for believing that its conduct was not in violation of the FMLA?

YES_____          NO__✗__

## B. ADA and FCRA Discrimination (Reasonable Accommodation) Claim

Next, with regard to the plaintiff Kara Jorud's claims  for unlawful discrimination under the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA) against defendant Michaels Stores, Inc.:

6.  Do you find from a preponderance of the evidence that plaintiff was a "qualified individual," with or without a "reasonable accommodation" of her disability by her employer, as those terms have been  defined in the Court's instructions:

YES ✗          NO_____

7.  Do you find  from a preponderance of the evidence that plaintiff's disability was a substantial or motivating factor that prompted the defendant Michaels Stores Inc. to discharge plaintiff from employment?

YES ✗          NO_____

[NOTE: If you answered "NO" to any of the preceding questions nos. 6, or 7, please skip question nos 8 and 9  and proceed to answer question no 10.  If you answered "YES" to all of the preceding questions nos. 6 and 7,  please answer question nos. 8 and 9.

8.   Please state the amount of damages which you find should be awarded to plaintiff to compensate for the following:

a. Net loss of wages and benefits to date of trial     $ _100,722.00_

b. Emotional pain and mental anguish                   $ _4,000,000.00_

c.  The value of lost services                         $ ___⊗___

9. Do you find from a preponderance of the evidence that a higher management official of defendant acted with malice or reckless indifference to the plaintiff's federally and state protected rights under the ADA and FCRA?

YES _X_          NO____

[NOTE: If your answer to question no. 9 is "NO," please skip question nos. 10a and 10b and proceed to question no. 11.  If your answer to question no. 9 is "YES," please answer question 10a.]

10a. Do you find from a preponderance of the evidence that defendant Michaels Stores Inc. acted in a  good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

YES____          NO _X_

[NOTE: If your answer to question 10a is "YES," skip question 10b and proceed to question no. 11. If your answer to question 10a is "NO," please answer question 10b.]

10b.  If your answer to question 10a is "NO," please state the amount of punitive damages, if any, which you find should be assessed against defendant Michaels Stores, Inc.:


$_4,000,000.00_

## C. ADA and FCRA Retaliation Claim

Next, with regard to plaintiff Kara Jorud's claim of unlawful ADA and FCRA retaliation

against defendant Michael Stores, Inc.:

11. Do you find from a preponderance of the evidence that plaintiff Kara Jorud in good faith

asserted an objectively reasonable claim for accommodation under the ADA and FCRA, or a

complaint of discrimination prohibited by the ADA and FCRA?

YES __X__        NO _____

[NOTE: If you answered "NO" to question no. 11, please skip the following questions on damages (Nos. 12, 13 and 14) and proceed to question no. 15. If you answered "YES" to question no. 11, please proceed to question no. 12.]

12. Do you find from a preponderance of the evidence that plaintiff Kara Jorud's assertion

of such claims or complaints of discrimination under the ADA and FCRA was a substantial or

motivating factor in Michaels' decision to terminate her employment?

YES __X__        NO _____

[If you answered "YES" to question no. 12, please answer question nos. 13 and 14. If you answered "NO" to question no. 12, please skip question nos. 13 and 14 and proceed to question no. 15.]

13.   Please state the amount of damages which you find should be awarded to plaintiff as

compensation for resulting:

a. Net loss of wages and benefits to date of trial     $ _100,522.00_

b. Emotional pain and mental anguish                   $ _4,000,000.00_

c. The value of lost services                          $ ___0___

14. Do you find from a preponderance of the evidence that a higher management official of defendant Michaels Stores Inc. acted with malice or reckless indifference to the plaintiff's federally and state protected rights under the ADA and FCRA?

YES **X**          NO_____

[NOTE: If your answer to question no. 14 is "NO," please skip question nos. 15a and 15b and proceed to question no. 16. If your answer to question no. 14 is "YES," please answer question 15a.]

15a. Do you find from a preponderance of the evidence that defendant Michaels Stores, Inc. acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

YES_____          NO **X**

[NOTE: If your answer to question 15a is "YES," skip question 15b and proceed to question no. 16. If your answer to question 15a is "NO," please answer question 15b.]

15b. Please state the amount of punitive damages, if any, which you find should be assessed against defendant Michaels Stores, Inc.:

$    **4,000,000.00**

### D. ADA and FCRA Hostile Work Environment Claim

Next, with regard to plaintiff Kara Jorud's claim of a hostile work environment in violation of the ADA and FCRA against defendant Michaels Stores Inc.:

16. Do you find from a preponderance of the evidence that plaintiff Kara Jorud was subjected to a hostile or abusive work environment because of a "disability" as that term has been defined for you in the Court's instructions?

YES **X**          NO_____

6

17. Do you find from a preponderance of the evidence that such hostile or abusive work environment was created or permitted by a supervisor with immediate or successively higher authority over the plaintiff?

YES __X__          NO _____

18. Do you find from a preponderance of the evidence that plaintiff suffered damages as proximate result of such hostile or abusive work environment?

YES __X__          NO _____

[NOTE: If you answered "NO" to any one of the preceding three questions nos. 17, 16, or 18, then you should skip the remaining questions, sign and date the verdict form and return it to the courtroom. If you answered "YES" to all three of the preceding three questions nos. 17, 16, and 18, please proceed to question no. 19.]

19. Do you find that plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

YES __X__          NO _____

19a. If "YES," please state amount of damages for lost wages and benefits:

$ _100,722.00_____

20. Do you find that plaintiff should be awarded damages to compensate for emotional pain and mental anguish and/or for the value of lost services?

YES __X__          NO _____

20a. If "YES," please state the amount of damages:

Emotional pain and mental anguish:  $ __4,000,000.00_____

Value of lost services:              $ _____Ø_____

7

21(a).  Do you find that a higher management official of the defendant acted with malice or reckless indifference to the plaintiff's federally and state protected rights?

YES __✗__        NO _____

[NOTE:  If you answered "YES" to question 21(a), please answer question 21(b). If you answered "NO" to question 21(a), please skip the remaining questions, sign and date the verdict form and return it to the courtroom.]

21(b).  please state whether defendant itself failed in good faith to attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

YES _____        NO __✗__

[NOTE:  If you answered "YES" to question 21(b), please answer question 21(c). If you answered "NO" to question 21(b), please skip the remaining question, sign and date the verdict form and return it to the courtroom.]

21(c).  Please state the amount of punitive damages, if any, which you find should be assessed against the Defendant Michaels Stores, Inc.?

$ _4,000,000.00_

SO SAY WE ALL.

DATED: _9/1/____
         _2010_

Print foreperson name

8